ORON A. RINEHART *et al. v.* STANLEY COAL COMPANY

(No. 7070)

Submitted March 15, 1932. Decided April 5, 1932.

J. V. *Gibson,* for plaintiff in error.
D. E. *Cuppett,* for defendants in error.

LITZ, JUDGE:

Oron A. Rinehart and Olive Rinehart, his wife, as joint owners of an improved tract of farm land (containing 110 acres), in Preston county, recovered judgment of $600.00 against Stanley Coal Company, a mining corporation, for damages caused to the property by noxious smoke, fumes and dust from a burning refuse deposit on the leasehold of defendant.

In September, 1922, defendant acquired a coal mining plant in Preston county, adjoining the said land now owned

by plaintiffs, which it has since continuously operated. In mining the coal, it dumped rock, slate and inferior coal, removed from the mine, near the mine entrance, forming a compact deposit 600 feet long, 275 feet wide, and 25 to 50 feet high. Plaintiffs, since purchasing the farm May 25, 1924, have fertilized and cultivated part of it in growing vegetables, grain and hay, selling the surplus vegetables locally and using the grain and hay to support 25 to 30 head of cattle and horses upon the farm. Two orchards, containing 200 apple trees bearing fruit, were on the property at the time of its purchase by plaintiffs. The residence and outbuildings are located approximately 1760 feet east of the refuse pile in the direction of the prevailing air currents. In October, 1927, A. B. Spencer, state division mine inspector, visited the mine, and upon discovering that defendant was leaving inside the dust and particles of coal resulting from the operation of the coal cutting machines (commonly called "bug dust"), ordered it removed from the mine because of its highly inflammable and combustible nature. Thereafter, part of the "bug dust" taken from the mine was sold as coal and part of it deposited with other mining refuse, not inflammable or combustible, upon the dump at the entrance to the mine. By letter dated June 29, 1928, defendant, through its president, C. W. Reams, informed Spencer that the refuse heap appeared to be burning, and requested an inspection. Spencer visited the mine July 15, 1928, and found the pile heated "considerably, indicating spontaneous combustion". Immediately thereafter defendant attempted unsuccessfully to extinguish the flame with water, but continued depositing thereon "bug dust" and other refuse until September, 1929, when another dump was started near the tipple. Nothing more was done to stop the burning.

Plaintiffs contend that smoke, fumes and dust, containing sulphur dioxide and sulphuric acid, from the slowly burning gob pile materially damaged their crops in 1928 and 1929, and caused excessive acidity and consequent diminished fertility of the soil. They further assert that the sulphur killed many of the apple trees, rusted a wire fence built on the property in 1927, and damaged the paint on the residence

and garage. Defendant adduced evidence to show that a road extending across the refuse pile was travelled daily by its employees without injury or material discomfort to them; that property within 150 feet of the deposit had not been damaged by the smoke and fumes; and that a frost in June, 1928, and July, 1929, killed all the crops in the community. Plaintiffs deny that their crops were affected by the frosts.

Defendant contends that plaintiffs' property was not materially damaged by the smoke, fumes and dust; and further denies liability though the damage be material, because the removal of the refuse from the mine was not only required by the mining department but was necessary in the natural development of its property, citing *Czarneck* v. *Bolen-Darnell Coal Co.*, 91 Ark. 58, 120 S. W. 376. Without deciding whether defendant would be liable if it had exercised due care in disposing of the mine refuse, we are of opinion that it did not do so. Although defendant may not have deliberately started the fire which it later attempted to extinguish, it deposited the "bug dust" on the refuse pile knowing that fire would likely result because of its highly combustible and inflammable nature. Defendant concedes the deleterious nature of the smoke, fumes and dust emitted by the burning waste, but says that the sulphur content thereof being heavier than. the atmosphere would naturally settle before reaching the property of plaintiffs. The answer to this argument is that plaintiffs' property is in the range of the prevailing air currents from the direction of the refuse pile.

We conclude, first, that the evidence supports the finding by the jury that plaintiffs' property was damaged by noxious smoke, fumes and dust from the refuse pile to the amount of the verdict; and second, that the duty imposed on defendant to remove the "bug dust" from its mine did not license it to create a private nuisance in the negligent disposal of a potentially dangerous substance. The dump had existed since 1922, or longer, but it did not become ignited, according to the evidence for defendant, until a few months after it began depositing the "bug dust." Defendant, knowing the higly inflammable and combustible quality of the "bug

dust,'' was clearly negligent in depositing it with the other mining refuse in a huge dump covering several acres, as the machine cuttings, not sold as coal, could have been, and part of it was, deposited elsewhere.

The judgment is affirmed.

*Affirmed.*